WAPELLO COUNTY v. MONROE COUNTY.

1. **Sheriff:** COMPENSATION: HOW LIMITED. The compensation of a sheriff is limited to the amount fixed by statute, and he cannot recover a *quantum meruit* for his services.

2. ——: ——. The county of W. received into its jail for safe keeping certain prisoners of the county of M., paying its sheriff more than the statutory compensation for dieting. In an action by the former to recover of the latter the amount so paid, it was *held* that the recovery should be limited to the amount fixed by law.

*Appeal from Monroe District Court.*

FRIDAY, SEPTEMBER 25.

THE plaintiff claims of the defendant the sum of $1270.40, on account of dieting, washing, and articles of clothing· furnished prisoners at defendant's request. The attorneys of the respective parties filed an agreement, in substance as follows:

It is agreed that the plaintiff, Wapello county, dieted prisoners sent from Monroe county to the jail of plaintiff for safe keeping, the number of days set out in plaintiff's exhibits.

It is further agreed that the compensation allowed by law for dieting prisoners at the time set out in the exhibits, was fifty cents per day.

It is further agreed that the items for clothing furnished, for washing, and the receiving and discharging of prisoners, set out in the exhibits, are correct.

It is agreed that the county of Wapello paid S. A. Swiggett, the sheriff of said county, the sum of sixty-five cents per day for dieting prisoners, as set out in exhibit "B," and seventy-five cents per day for those set out in exhibit "A."

The cause was tried by the court, who allowed plaintiff the amount paid its sheriff, viz: sixty-five and seventy-five cents per day, and rendered judgment against defendant for $1055.25, with interest from May 1, 1872.   Defendant appeals.

*Hammond, Dashiell & Andrews*, for appellant.

*D. H. Emery*, for appellee.

DAY, J.—Section 4145 of the Revision, as amended by chapter 46 of the laws of the Tenth General Assembly, and chapter 152 of the laws of the Thirteenth General Assembly, allows a sheriff for dieting a prisoner fifty cents per day.   His compensation for this service is thus fixed by law, and he has no more right to ignore the provisions of the law, and to claim and recover a *quantum meruit*, than has the Governor or a judge. Section 4131 of the Revision, provides that, "no officer is allowed fees or other compensation for any services, farther than is expressly permitted by law."   Section 4167, Revision, provides that, "any officer who willfully takes higher or other fees than are allowed by law, is guilty of a misdemeanor, and may be fined therefor a sum not less than ten nor more than fifty dollars."   And Section 4285 of the Revision, provides that, "If any person corruptly and willfully demand and receive of another, for performing any service or official duty, for which the fee or compensation is established by law, any greater fee or compensation than is allowed or provided for the same   *   *   *   *   *   *   *   he shall be punished by fine not exceeding one hundred dollars for each offense, or imprisonment in the county jail not exceeding six months."

1. SHERIFF: compensation: how limited.

The intention is unmistakable to limit the compensation of

all officers to the fees and salaries fixed by law. The county of Wapello, in its own wrong, paid its sheriff more. By such act it cannot make the defendant liable for more than the legal compensation. The amount allowed plaintiff by the judgment of the court, in excess of the amount prescribed by law, is $251.30. By that amount the judgment must be diminished.

Judgment will be entered in this court for $803.90, with interest from May 1, 1872, at six per cent. Appellee will pay the costs of this appeal. Thus modified the judgment is

AFFIRMED.